UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GABINO GENAO,<br><br>                              Plaintiff,<br><br>         -against-<br><br>CITY OF NEW YORK, CAPTAIN LOPEZ, CO POTTER, NIC WARDEN COLLINS, CO JOHN DOE, CO JOHN DOE, NIC CAPTAIN MCLAIN,<br><br>                              Defendants. | 20 Civ. 8731 (ER)<br><br>__ORDER OF SERVICE__ |

RAMOS, D.J.:

On October 15, 2020, Gabino Genao, *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging that the City of New York and several correction officers, including two John Does (together, "Defendants"), violated his federal constitutional rights when he was detained in the North Infirmary Command ("NIC") on Rikers Island.  By order dated October 20, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").

**DISCUSSION**

**A.    John Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff supplies sufficient information to permit the New York City Law Department (the "Law Department") to identify the two Probe Team John Doe correction officers who were present during the incident which allegedly occurred on September 11, 2020 in the NIC "3rd Floor A-Post."  Doc. 2 at Part V.  It is therefore ordered that the Law Department, which is counsel for and agent of the New York City Department of Correction ("DOC"), must ascertain the identities and badge numbers of the John Doe Defendants who Plaintiff seeks to sue and the addresses where they may be

served.[1]  The Law Department must provide this information to Plaintiff and the Court within **60 days of the date of this Order**.

**Within 30 days of receiving this information**, Plaintiff must file an amended complaint naming the John Doe Defendants.  The amended complaint will replace, not supplement, the original complaint.  An amended complaint form that Plaintiff should complete is attached to this order.  Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking Defendants to waive service.

**B.     Order of Service**

The Clerk of Court is directed to notify DOC and the Law Department of this Order.  The Court requests that the remaining defendants, the City of New York, NIC Captain Lopez, Correction Officer Potter, NIC Warden Collins, and NIC Captain Mclain, waive service of summons.

**C.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action.  Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  **Within 120 days of the date of this Order**, Defendants must serve responses to these standard discovery requests.  In their responses, Defendants must quote each request verbatim.[2]

---

[1] If the John Doe Defendants are current or former DOC employees or officials, the New York City Law Department should note in response to this Order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants.  If the John Doe Defendants are not current or former DOC employees or officials, but otherwise work or worked at a DOC facility, the Law Department must provide a residential address where the individuals may be served.

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further directed to electronically notify the DOC and the Law Department of this Order.

The Law Department is directed to inform the Court and Plaintiff of the identity and contact information of the John Doe Defendants **within 60 days of the date of this Order**. Plaintiff must file an amended complaint naming the John Doe Defendants **within 30 days of receiving this information**.

Defendants must comply with Local Civil Rule 33.2 **within 120 days of the date of this Order.**

Finally, the Court requests that Defendants City of New York, Captain Lopez, Correction Officer Potter, NIC Warden Collins, and Captain Mclain waive service of summons.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 22, 2020
        New York, New York

                                                        EDGARDO RAMOS
                                          United States District Judge