# MEMO ENDORSED



| JAMES E. JOHNSON<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | MOSTAFA KHAIRY<br>*Assistant Corporation Counsel*<br>phone: (212) 356-2105<br>fax: (212) 356-3509<br>mkhairy@law.nyc.gov |

December 30, 2020

**VIA ECF**
Honorable Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> Plaintiff is directed to respond to the arguments in Defendant the City of New York's letter, Doc. 15, by letter of no more than three pages in length by **January 15, 2021**.
>
> It is SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: 12/30/2020
> New York, New York
>
> Copies Mailed to Plaintiff
> Chambers of Edgardo Ramos

Re: Gabino Genao v. City of New York, et al.,
20-CV-8731 (ER)

Your Honor:

      I am the attorney in the office of James E. Johnson, Corporation Counsel of the City of New York, representing defendant City of New York ("the City") in the above-referenced matter. The City writes to respectfully request a stay of the present civil proceeding in its entirety until thirty (30) days after the resolution of a Department of Correction ("DOC") investigation into the underlying allegations in this case. This is the first request for a stay of proceedings in this matter.

      By way of background, according to the Complaint, on September 11, 2020, plaintiff alleges that several members of the New York City Department of Corrections ("DOC") used excessive force on him while he was incarcerated at North Infirmary Command at Rikers Island.[1] Moreover, plaintiff alleges that two John Doe correction officers, who were members of

---

[1] On November 18, 2020, defendants Randy Potter and Christoper Lopez waived service of process and their response to the Complaint is due by January 19, 2021. *See* Civil Docket Sheet, Entry No. 11. On that same date, waivers of service returned unexecuted for the individuals identified by plaintiff in the Complaint as "Captain McClain" and "NIC Warden Collins," and as such, these two individuals are not defendants in this action. *Id.* at 12.

the DOC "probe team," sprayed plaintiff in the face with a chemical spray.[2] This Office is informed by the DOC that a use of force investigation into the incident underlying this action is currently pending with a tentative resolution date of **February 18, 2021**.

There are several reasons why the pending DOC investigation necessitates a stay of the instant action. First, the internal investigation may affect the representation of the individual defendants depending on the investigation's outcome. Before this Office may assume representation of the individual defendants, it is required by General Municipal Law § 50-(k) to conduct an investigation into whether each officer is eligible for representation. *See* N.Y. Gen. Mun. Law § 50-(k); *Mercurio v. City of New York*, 758 F.2d 862, 864-65 (2d Cir. 1985). Pursuant to § 50-(k)(2), this Office must first determine whether an individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." *See* § 50-(k)(2); *see also Mercurio*, 758 F.2d at 864-65; *Muniz v. City of New York*, No. 12-CV-719 (TPG), 2012 U.S. Dist. LEXIS 99826, at *4 (S.D.N.Y. July 17, 2012) (granting stay as to individual defendants pending resolution of internal agency investigation). Because of the open investigation, this Office cannot make a determination at this time as to whether each officer "was acting within the scope of his public employment," and likewise, this Office cannot make a decision regarding the representation of each defendant in the current action.

Moreover, until the investigation concludes, both parties will have limited access to any documents, recordings, or other information regarding the incident alleged in this case, or to any relevant materials generated by the DOC during the investigation, because they are protected from disclosure by the law enforcement privilege, which was created, *inter alia*, to "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *Nat'l Congress for Puerto Rican Rights v. City of New York, et al.*, No. 99-CV-1694 (SAS), 2000 U.S. Dist. LEXIS 4448, **5-6 (S.D.N.Y. Apr. 7, 2000) (citing *In re Dep't of Investigation of the City of New York*, 856 F.2d 481, 484 (2d Cir. 1998)). These same documents may also be protected from disclosure during the investigation's pendency by the deliberate process privilege. *See Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 356 (2d Cir. 2005) (noting that inter-agency or intra-agency documents that are both pre-decisional and deliberative may be subject to the deliberative process privilege) (internal citations and quotation marks omitted). Consequently, should a stay be denied, this Office will be unable to effectively respond to plaintiff's Complaint, fully participate in court conferences, or prepare discovery in accordance with the time deadlines set forth in Local Civil Rule 33.2.

Finally, plaintiff will not be prejudiced by a temporary stay in this case. Moreover, any potential prejudice would be significantly diminished by the fact that the DOC is

---

[2] On December 21, 2020, the City complied with the Court's October 22, 2020 *Valentin* Order and identified the two John Doe Correction Officers on the "probe team" as Jamell Moore and Justin Andrews. However, these two individuals have not been served with process, and as such, are not defendants in this action. *Id.* at 14.

investigating the incident. In fact, should a stay be issued until the conclusion of the investigation, the relevant information will be compiled and presented in a way that will beneficially streamline discovery for all parties, including plaintiff.

Based on the foregoing, the City respectfully requests that the Court: (1) stay the instant matter; and (2) adjourn *sine die* all deadlines in this case, pending the conclusion of the DOC investigation into the underlying incident. The City thanks the Court for its time and attention to this matter.

Respectfully submitted,

*Mostafa Khairy* /s/
Mostafa Khairy
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: **BY U.S MAIL**
Gabino Genao #113-17-00734
Manhattan Detention Center
125 White St.
New York, New York 10013
*Plaintiff Pro Se*