UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GABINO GENAO,

                           Plaintiff,

            v.                             **ORDER**

CITY OF NEW YORK, CAPTAIN LOPEZ, CO       20 Civ. 8731 (ER)
POTTER, NIC WARDEN COLLINS, CO
JOHN DOE, CO JOHN DOE, NIC CAPTAIN
MCLAIN,

                           Defendants.

RAMOS, D.J.

      On October 15, 2020, Gabino Genao brought this action, *pro se,* pursuant to 42 U.S.C. § 1983, alleging that the City of New York (the "City") and several correction officers, including two John Does, violated his constitutional rights. Doc. 1. On October 22, 2020, the Court issued an order, pursuant to *Valentin v. Dinkins,* 121 F.3d 72 (2d Cir. 1997), directing the City to identify the John Does (the "Valentin Order") and directing Plaintiff to amend the complaint to name the John Does once identified. Doc. 6 at 3. On December 21, 2020, the City identified the John Does as correction officers Jamell Moore and Justin Andrews and provided their shield numbers. Doc. 14. On December 30, 2020, the City requested a stay pending the Department of Correction's investigation into the incident underlying the complaint. Doc. 15. The Court directed Plaintiff to respond to the City's stay request by January 15, 2021. Doc. 16. On January 12, 2021, the Court granted Plaintiff 's request for an extension of the time to respond to the City's request for a stay until January 29, 2021. Doc. 18.

      On January 13, 2021, Plaintiff informed the Court that he had not yet received the City's

letter identifying Moore and Andrews, and filed an amended complaint listing Moore and Andrews by their last names only. Docs. 19, 20. On January 14, 2021, the Court extended Plaintiff's deadline to amend the complaint until February 15, 2021, and sent Plaintiff a copy of the City's response to the Valentin Order. Doc. 21. On January 20, 2021, Plaintiff requested discovery on the outcome of the Department of Investigation ("DOI") investigation into the underlying incident. Doc. 22. On February 3, 2021, Plaintiff requested an extension of time to amend the complaint because he was unsure that the Court had received his amended complaint listing Moore and Andrews as defendants, and believed that the City failed to identify an additional John Doe. Doc. 25.

On February 4, 2021, the Court issued an order granting the City's request for a stay until February 18, 2021 ("February Order"). Doc. 26. The Court also extended the deadline for Plaintiff to file his second amended complaint naming Moore and Andrews as defendants using their full names and shield numbers by March 18, 2021, and denied Plaintiff's request for discovery on the outcome of the DOI investigation. *Id.* On February 28, 2021, Plaintiff requested video footage of the underlying incident in this case. Doc. 27. On March 1, 2021, Plaintiff requested a conference to discuss the status of the complaint and summonses. Doc. 28.

Because the February Order was not sent to Plaintiff in error, the Court extends the deadline for Plaintiff to amend the complaint until **April 15, 2021**. Plaintiff is advised that in his second amended complaint, he must list Moore and Andrews as defendants using their full names and shield numbers as provided by the City. Plaintiff is further advised that because his original complaint only named two John Does, and because the City has identified those John Does, the City has fully complied with the Valentin Order.

Plaintiff's further requests for discovery regarding the DOI investigation and video

footage of the incident are denied at this time.  Plaintiff is advised to direct his discovery requests to Defendants in accordance with Rules 26(b)(1) and 34 of the Federal Rules of Civil Procedure.

The Clerk is respectfully directed to lift the stay and mail a copy of this Order and the February Order, Doc. 26, to Plaintiff:

Gabino Genao, NYSID No. 04570951M, B&C No. 1131700734, Manhattan Detention Center, 125 White Street, New York, New York 10013.

It is SO ORDERED.

Dated: March 2, 2021
       New York, New York

_____
Edgardo Ramos, U.S.D.J.