

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**MOSTAFA KHAIRY**
*Assistant Corporation Counsel*
phone: (212) 356-2105
fax: (212) 356-3509
mkhairy@law.nyc.gov

# MEMO ENDORSED

April 14, 2021

> The City's request for a stay is granted.  The case is stayed until **June 1, 2021**.  The Clerk is respectfully directed to mail a copy of this order to Plaintiff.
>
> It is SO ORDERED.  _____
> Edgardo Ramos, U.S.D.J.
> Dated: _04/14/2021_____
> New York, New York

**BY ECF**
Honorable Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     Gabino Genao v. City of New York, et al.,
         20-CV-8731 (ER)

Your Honor:

        I am the attorney in the office of James E. Johnson, Corporation Counsel of the City of New York, representing defendant City of New York ("the City") in the above-referenced matter.  The City writes to respectfully renew their request for a stay of the present civil proceeding in its entirety until thirty (30) days after the resolution of a Department of Correction ("DOC") investigation into the underlying allegations in this case.  This is the third request for a stay of proceedings in this matter.  Upon information and belief, plaintiff is currently incarcerated and the City was unable to obtain consent from plaintiff, but for the reasons stated herein, the City submits that this request will not prejudice plaintiff in any way.

        By way of background, plaintiff alleges that, on September 11, 2020, several members of the New York City Department of Corrections ("DOC") used excessive force against him while he was incarcerated at the North Infirmary Command ("NIC") at Rikers Island.  *See* Compl. at pp. 5-6.  Moreover, plaintiff alleges that two John Doe correction officers, who were members of the DOC "probe team," sprayed him in the face with a chemical spray. *Id.*  On December 30, 2020, the City informed the Court that there was a DOC "Use of Force"

investigation into this matter, and requested a stay of all proceedings pending resolution of the investigation. *See* Civil Docket Sheet, Entry No. 15.[1]

This Office has since been informed by DOC that the Use of Force investigation into the incident underlying this action is still currently pending and DOC does not have a tentative resolution date. Therefore, for the reasons stated herein, the City respectfully requests that this matter be stayed until June 1, 2021, wherein the City will provide the Court with another status letter on the investigation. Alternatively, should the City be informed by DOC before June 1, 2021 that the investigation has concluded, the City will promptly inform the Court at that time.

There are several reasons why the pending DOC investigation necessitates a stay of the instant action. First, the internal investigation may affect the representation of the individual defendants depending on the investigation's outcome. Before this Office may assume representation of the individual defendants, it is required by General Municipal Law § 50-(k) to conduct an investigation into whether each officer is eligible for representation. *See* N.Y. Gen. Mun. Law § 50-(k); *Mercurio v. City of New York*, 758 F.2d 862, 864-65 (2d Cir. 1985). Pursuant to § 50-(k)(2), this Office must first determine whether an individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." *See* § 50-(k)(2); *see also Mercurio*, 758 F.2d at 864-65; *Muniz v. City of New York*, No. 12-CV-719 (TPG), 2012 U.S. Dist. LEXIS 99826, at *4 (S.D.N.Y. July 17, 2012) (granting stay as to individual defendants pending resolution of internal agency investigation). Because of the open investigation, this Office cannot make a determination at this time as to whether each officer "was acting within the scope of his public employment," and likewise, this Office cannot make a decision regarding the representation of each defendant in the current action.

Moreover, until the investigation concludes, both parties will have limited access to any documents, recordings, or other information regarding the incident alleged in this case, or to any relevant materials generated by the DOC during the investigation, because they are protected from disclosure by the law enforcement privilege, which was created, *inter alia*, to "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *Nat'l Congress for Puerto Rican Rights v. City of New York, et al.*, No. 99-CV-1694 (SAS), 2000 U.S. Dist. LEXIS 4448, **5-6 (S.D.N.Y. Apr. 7, 2000) (citing *In re Dep't of Investigation of the City of New York*, 856 F.2d 481, 484 (2d Cir. 1998)). These same documents may also be protected from disclosure during the investigation's pendency by the deliberate process privilege. *See Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 356 (2d Cir. 2005) (noting that inter-agency or intra-agency documents that are both pre-decisional and deliberative may be subject to the deliberative process privilege) (internal citations and quotation marks omitted). Consequently, should a stay be denied, this Office will be unable to effectively respond to plaintiff's Complaint, fully participate in court conferences, or prepare discovery in accordance with the time deadlines set forth in Local Civil Rule 33.2.

---

[1] On March 17, 2021, the City renewed their motion to stay the matter until April 15, 2021. *See* Civil Docket Sheet, Entry No. 32. On March 18, 2021, the Court granted the City's motion. *Id.* at Entry No. 33.

Finally, plaintiff will not be prejudiced by a temporary stay in this case. Moreover, any potential prejudice would be significantly diminished by the fact that DOC is investigating the incident. In fact, should a stay be issued until the conclusion of the investigation, the relevant information will be compiled and presented in a way that will beneficially streamline discovery for all parties, including plaintiff.

Accordingly, the City respectfully requests that the Court: (1) stay the instant matter; and (2) adjourn *sine die* all deadlines in this case, pending the conclusion of the DOC investigation into the underlying incident. The City thanks the Court for its time and attention to this matter.

Respectfully submitted,

*Mostafa Khairy*  /s/

Mostafa Khairy
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:     **BY U.S. MAIL**
        Gabino Genao #113-17-00734
        North Infirmary Command
        15-00 Hazen Street
        East Elmhurst, New York 11370
        *Plaintiff Pro Se*