UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GABINO GENAO,

                Plaintiff,

      v.

CITY OF NEW YORK, C.O. MOORE, C.O. ANDREWS, C.O. POTTER, CAPTAIN LOPEZ, and CAPTAIN McCLAIN,

                Defendants.

**ORDER**

20 Civ. 8731 (ER)

RAMOS, D.J.

    Gabino Genao brought this complaint under 42 U.S.C. § 1983 *pro se* on October 15, 2020, against the City of New York and several correction officers, alleging that they had violated his federal constitutional rights while he was detained in the North Infirmary Command on Rikers Island. Doc. 2. Defendants City of New York, Potter, and Lopez were served in November 2020, and their answers were originally due in January 2021. Docs. 11, 13. Genao filed an amended complaint in January 2021, and a second amended complaint ("SAC") in March 2021, which named Moore and Andrews as Defendants. Docs. 20, 34.

    This action was stayed for several months pending the results of a Department of Correction ("DOC") investigation into the allegations in the complaint. *See* Doc. 49. Genao retained counsel in July 2021. Doc. 45. On September 21, 2021, after the DOC investigation had closed, the Court ordered Defendants City of New York, Potter, and Lopez to respond to the complaint by October 18, 2021, and ordered Genao to provide a status report as to service on the remaining Defendants by the same date. Doc. 50. On October 18, 2021, Genao provided a status update that his counsel was awaiting addresses for service for Defendants McClain,

Moore, and Andrews from counsel for the City of New York. Doc. 54. On November 17, 2021, the parties submitted a joint status report informing the Court that counsel for the City had provided Genao with the requisite addresses for service, and that Genao intended to effect service by December 10, 2021. Doc. 59.

Defendants City of New York, Potter, and Lopez have now answered. Docs. 56, 63, 70. Although Genao requested issuance of summonses for McClain, Moore, and Andrews in November 2021, Doc. 60, he has not filed proof of service.

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added).

Accordingly, Genao is directed to submit a status report as to service by **April 5, 2022.** Failure to do so will result in dismissal of his action against McClain, Moore, and Andrews pursuant to Rule 4(m).

It is SO ORDERED.

Dated: March 29, 2022
       New York, New York

_____
Edgardo Ramos, U.S.D.J.